No. 12,007.

ISABELLA LUMBER COMPANY, LIMITED, VS. ITS CREDITORS.

The *cessio bonorum* of a corporation can be brought about neither by an application for the same on its own behalf, nor by creditors acting adversely to it, under and through a respite improvidently granted to it. The provisions of the laws relative to voluntary surrender and to respite refer to natural persons. Corporations can not avail themselves of them.

A PPEAL from the Sixteenth Judicial District Court for the Parish of Tangipahoa. *Reid, J.*

*Saunders & Miller* and *J. A. Reid* for Plaintiff, Appellee.

Submitted on briefs January 11, 1896.
Opinion handed down January 20, 1896.

In April, 1895, W. L. Wright and the Sauls Ott Company, averring that they were creditors of the Isabella Lumber C ,mpany and placed on the schedule as such; that the company had failed to pay the debts as ordered in the respite proceedings, and that they had the right on such failure to require a cession of the property of the company for the benefit of its creditors, and to have a provisional syndic appointed to take charge of the property of the company for the benefit of all its creditors.

After a hearing the District Court vacated and annulled the judgment, granting a respite. It further ordered that the Isabella Lumer Company, Limited, make a cession of all its propert ⸲ for the benefit of its creditors at once, and that Levi R. Stark be appointed provisional syndic upon compliance with the law, and that a meeting of creditors be held before the clerk of the District Court for Tangipahoa parish, *ex-officio* notary public, for the election of a syndic and other business.

From this judgment the company has appealed.

Plaintiffs in the rule have made no appearance in this court.

The opinion of the court was delivered by

NICHOLLS, C. J. Appellant contends that the liquidation proceedings against insolvent corporations are governed by Sec. 688 of the

Revised Statutes; that the provisions of law regarding cessions were held by this court, in the case of Jeffries vs. Belleville Iron Works, 15 An. 19, to apply to natural persons only, and the proceedings against insolvent corporations were said to be those alone which are laid down in the Revised Statutes; that that decision has never once been questioned in the thirty-six years since its rendition, and that it has been quoted approvingly in Williams vs. Judge, 42 An. 73; that the law was not changed by Act No. 134 of 1888, which clearly did not contemplate the indirect introduction of a new mode of liquidating insolvent corporations; that it did nothing more than provide a new procedure for forcing a cession in certain contingencies from such debtors as were then subject to the operation of the insolvent laws.

That Act No. 134 of 1888 was simply an amendment of Art. 3093 of the Civil Code on the subject of respites, and that it could not be supposed that when the Legislature amended certain provisions under that title it contemplated a radical subversion of the long established principles of the law of cession; that the statute refers to an existing law as governing the election of syndics and the business which might come before the meeting of the creditors, but that the existing law governing the election of syndics did not permit the creditors of an insolvent corporation to elect a syndic for it, nor at meetings of themselves to determine upon any business affecting it. That this reference to existing law implied that the law was to be taken as it existed. Appellant, therefore, submitted that the judgment ordering the company to make a cession of its property was null and should be reversed.

In the case of " Commissioners of Exchange Bank vs. Mudge," reported as far back as 1842 in the 6th Rob., p. 398, this court said that " no law existed previously to the year 1842 which defined the insolvency of a corporation, or provided for either its voluntary or forced liquidation."

In Jefferies vs. Belleville Iron Works, 15 An. 20, it was held that a corporation created under the act for the organization of corporations for works of public improvements and utility, approved March 15, 1855, can not avail itself of the provisions of the act relative to the voluntary surrender of property, approved March 15, 1895; that the act referred to natural persons only.

The Isabella Lumber Company, Limited, believing that there was

a distinction in this respect between a respite and a surrender, applied to and obtained from the District Court an order for the convocation of a meeting of its creditors to determine whether or not it should be granted a respite. A majority of the creditors having voted for the same, the proceedings of the meeting were approved and homologated and the respite ordered. It appears that some creditors did not appear nor vote.

If the creditors had refused to accede to the application for the respite, Art. 3098, C. C., declares "the cession of property ensues and the proceedings continue as if the cession had been offered in the first instance."

In other words an application for a respite is considered in law as an original conditional offer of a voluntary surrender.

This legal result of a rejected application, coupled with the principles announced in the two cases cited, carries with it in our opinion, as a legal consequence, that relief through a respite can not be legally accorded to a corporation. All that it would have to do to bring about a voluntary surrender would be to apply for and have rejected its application for a respite. It would accomplish by indirection what it could not do directly. We are of opinion that a *cessio bonorum* of a corporation can be brought about neither by an application for the same on its own behalf nor by creditors acting adversely to it, under and through respite proceedings.

For the reasons herein assigned—

It is hereby ordered, adjudged and decreed that the judgment appealed from in so far as it ordered and decreed that the Isabella Lumber Company, Limited, make a cession of all its property for the benefit of its creditors at once, and that Levi R. Stark be appointed provisional syndic upon compliance with the law, and that a meeting of creditors be held according to law before Thomas E. Warner, clerk and *ex-officio* notary public, for the election of a syndic, and other business, be and the same is hereby annulled, avoided and reversed.

It is further ordered that the appellee pay costs of appeal.